IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HIGHLANDVIEW INC., § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 3:09-CV-1482-M |
| § | |
| HAWKER BEECHCRAFT § | |
| CORPORATION, f/k/a RAYTHEON § | |
| AIRCRAFT COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Highlandview Inc.'s ("Highlandview") Motion to Permit Joinder and Remand to State Court [Docket Entry #15]. For the reasons explained below, the Motion is **GRANTED**.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

Highlandview owns an aircraft that was manufactured and sold by Defendant Hawker Beechcraft Corporation, f/k/a Raytheon Aircraft Company ("HBC"). The aircraft was under warranty. Highlandview's aircraft sustained damage and HBC made the necessary repairs, but required Highlandview to deposit funds in escrow for the repairs. When HBC refused to return the funds in escrow, Highlandview filed suit in state court.[1]

HBC removed to this Court and asserted that pilot error was the sole cause of the damage to Highlandview's aircraft. The only entity to operate the aircraft was Business Jet Services ("BJS"), which owes contractual indemnity to Highlandview for any damage it causes to the aircraft. HBC now moves for permission to join BJS as a defendant and for remand on the basis that BJS's joinder will defeat diversity jurisdiction.

---

[1] Highlandview originally sued two Defendants, but amended to substitute the correct name of the party to this suit. For simplicity, the correct name will be used throughout.

## ANALYSIS

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[2] In determining whether to permit post-removal joinder of a defendant, courts consider: (1) the extent to which the purpose of the joinder is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in seeking joinder; (3) whether plaintiff would be significantly injured if joinder is not allowed; and (4) any other factors bearing on the equities.[3]

Highlandview seeks to join BJS as a defendant because HBC claims that pilot error caused the damage to the aircraft. BJS is a necessary party to the lawsuit in the event the jury determines that BJS, rather than HBC, caused the damage to the aircraft. If BJS is not joined as a party, Highlandview would not be able to obtain relief for the damages it sustained without filing a separate lawsuit against BJS. Highlandview has not been dilatory in seeking joinder. Finally, HBC has already consented to joinder of BJS in this suit.[4] These factors lead the Court to conclude that BJS's joinder should be allowed.

Highlandview is incorporated in Texas, with its principal place of business in Texas. BJS is a Texas limited partnership with its principal place of business in Dallas, Texas. The general partner of BJS is Business Jet Management, LLC, a Texas limited liability corporation. BJS is therefore a citizen of Texas whose joinder defeats this Court's diversity jurisdiction, and this case must be remanded to state court pursuant to 28 U.S.C. § 1447(e).[5]

---

[2] 28 U.S.C. § 1447(e).
[3] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).
[4] *See* Docket Entry #10.
[5] *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (holding that the citizenship of an artificial entity is based upon the citizenship of each of its members); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is determined by the citizenship of all of its members).

CONCLUSION

For the reasons stated above, Highlandview's Motion to Permit Joinder and Remand to State Court is GRANTED.

**SO ORDERED.**

January 5, 2010.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS